UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRIGIT WILGUS** | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 1:19-cv-1117 |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Brigit Wilgus, Plaintiff in the above-referenced action, files this Original Complaint against the Defendant United States of America, and would respectfully show the following:

### I. JURISDICTION, VENUE, AND SERVICE OF PROCESS

1. This case arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and 28 U.S.C. § 1346(b), for money damages as compensation for personal injuries that were caused by the negligent and wrongful acts and omissions of agents, servants, and/or employees of the United States of America, or some agency thereof, under such circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Texas.

2. Venue is appropriate in the District Court for the Western District of Texas pursuant to 28 U.S.C. §1402(b) because the Plaintiff lives in this judicial district and because it is the judicial district where the acts and omissions complained of occurred.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 and fully exhausted her administrative remedies prior to filing this suit. On May 16, 2019, Plaintiff filed an Amended Standard Form 95 with the appropriate agency, the Department of the Army. The Department of the Army, through its attorney James Stephenson, acknowledged receipt of the

Amended Standard Form 95 and that the mandatory six month waiting period would expire on November 16, 2019. Because the agency has not made a final disposition of this claim and it is now past November 16, 2019, suit is ripe pursuant to 28 U.S.C. 2675(a).

4. Defendant United States of America may be served with process in accordance with FED R. CIV. P. 4(i)(1) by serving a copy of the Summons and Plaintiff's Original Complaint on John Bash, the United States Attorney for the Western District of Texas, by Certified Mail, Return Receipt Requested at his office, United States Attorney, Western District of Texas, 816 Congress Avenue, Suite 1000, Austin, Texas 78701, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on William Barr, Acting Attorney General of the United States, by Certified Mail, Return Receipt Requested, at the Attorney General's Office, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, to the attention of the Civil Process Clerk.

## II. PARTIES

5. Plaintiff Brigit Wilgus is an individual residing in Killeen, Texas.

6. Defendant is the United States of America.

## III. FACTS

7. Plaintiff Brigit Wilgus is married to John Wilgus and is the mother of two children (one of whom is still a minor). Prior to the events that give rise to this suit, Plaintiff was employed as a medical lab technician at Darnell Army Hospital. As a result of her injuries, she is no longer able to work and has suffered other consequences to her ability to live life and to care for her family as described below.

8. Plaintiff underwent a total vaginal hysterectomy on January 20, 2016. During the operation, the surgeon Dr. Marvin Miller caused injury to the intestine at the right margin of the uterus. This prompted a surgical consult with Dr. Earl Lee to repair the injury. The surgical repair

of the intestinal tear required using sponges within the operative field. Prior to receiving a nursing count confirming whether all sponges had been removed, Dr. Miller closed the vagina and sealed the sponge inside the pelvis. In this case, after the surgery was completed and the Plaintiff's incision was closed, the nurses confirmed that the sponge counts showed that a sponge was left behind within the patient and was unaccounted for in the sponge count. The standard of care requires that a surgeon who puts a sponge into the operative field should also remove it. The standard of care also requires that the nurses should count all sponges being used during the surgery and verify by a confirmatory count that all sponges have been removed before the surgery has ended. The standard of care further requires that the sponge counts be confirmed before the patient is closed at the end of the operation.

9. The sponge that was left behind caused an extended anesthesia time and a much longer operation with the patient left in the dorsal lithotomy position (also called high stirrups). Dr. Miller (Dr. Lee apparently left the OR after closing the patient) decided to obtain X-rays to identify the sponge and after the X-rays confirmed that the sponge was present, he decided to remove the sponge using laparoscopic surgery. This required obtaining $CO_2$ and the other surgical instruments needed to perform the surgery.  During this extended period of time for the laparoscopic surgery, Plaintiff was left up in the stirrups. Because of the Plaintiff's positioning in the stirrups and the length of time during which she was left in the stirrups, Plaintiff developed a nerve injury to her left leg. It was not necessary to leave the patient in the high stirrups position after the sponge that was missing had been identified and during the process of X-raying the patient and performing the laparoscopic sponge removal, and the standard of care required that the patient be re-positioned out of the stirrups. Because of the prolonged period of time in the stirrups and the positioning, Plaintiff has sustained nerve damage to her left leg that has been diagnosed as chronic regional pain syndrome and that causes severe impairment. The pressure from the stirrups also caused blood clots in the left leg that require life-time anti-coagulation treatment.

### IV. CAUSE OF ACTION

10. The facts alleged as to the parties above are incorporated by reference.

11. Defendant United States of America, through its employees, agents, servants, and/or representatives, was negligent as follows: surgical failure to retrieve a sponge that had been placed into the operative field; nursing failure to properly count sponges used during an operation

and to verify with the proper count that all sponges used during that operation had been removed and were accounted for prior to closing; a surgical decision to close before counts were complete, leaving a patient up in stirrups in an inappropriate position and leaving the patient in that position for an inappropriately long period of time.

12. The negligence of the employees, agents, servants, and/or representatives of the Defendant United States of America proximately caused Plaintiff's injuries and damages.

## V. DAMAGES

13. Plaintiff seeks recovery of all damages permitted by Texas law as a result of Defendant's negligence. Specifically, Plaintiff seeks recovery of the following damages, for which he is entitled to recovery:

   a. Reasonable and necessary medical expenses in the past;

   b. Reasonable and necessary medical expenses that she will with reasonable probability suffer in the future;

   c. Loss of earning capacity and the value of her household services in the past;

   d. Loss of earning capacity that and the value of her household services she will with reasonable probability suffer in the future;

   e. Physical pain and mental anguish and physical and mental impairment that she has suffered in the past; and

   f. Physical pain and mental anguish and physical and mental impairment that she will with reasonable probability suffer in the future.

## VI. REQUEST FOR RELIEF

14. As a result of the foregoing, Plaintiff respectfully requests that Defendant be cited to appear and answer herein; and that upon final trial and hearing hereof, that Plaintiff have

judgment against Defendant for the amount of her actual damages; for such other and different amounts as she shall show by proper amendment before trial; for post-judgment interest at the applicable legal rate; for all costs of court incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which she may show himself to be entitled and as this Court deems just and proper.

                              **WINCKLER & HARVEY, L.L.P.**
4407 Bee Caves Road, Bldg. 2, Suite 222
Austin, Texas 78746
Telephone: (512) 306-1800
Facsimile: (512) 306-9442

By:   /s/ Jay Winckler
Jay Winckler
State Bar No. 21754400
Email: jwinckler@wincklerharvey.com

Jay Harvey
State Bar No. 09179600
Jharvey@wincklerharvey.com

Reed Teckenbrock
State Bar No. 00794724
Email: reedteck@wincklerharvey.com

Sean McConnell
State Bar No. 24109419
Email: smcconnell@wincklerharvey.com

**ATTORNEYS FOR PLAINTIFF**